UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
───────────────────────────────────────────X   For Online Publication Only
UNITED STATES OF AMERICA,

               The United States,

     -against-     **ORDER**
               18-cv-06581 (JMA) (AYS)

CHARLES KAFEITI; INTERNATIONAL
SWEEPS REVENUE SERVICES, INC.;     **FILED**
GOLDEN RESPONSE WORLDWIDE, INC.    **CLERK**
 a/k/a INTERNATIONAL REVENUE BUREAU,
NATIONAL AWARDS COMMISSION;     **12/17/2018 2:26 pm**

ANTHONY KAFEITI; FAIRMONT     **U.S. DISTRICT COURT**
WEALTH RESOURCES, INC. a/k/a     **EASTERN DISTRICT OF NEW YORK**
ROCKWELL ASSET PROCESSING;     **LONG ISLAND OFFICE**

STEVEN DIAZ; SK INTERNATIONAL
SYNDICATE, INC. a/k/a PERSHING GROUP,
BILTMORE PARTNERS;

DREW WILSON; BC0875430 a/k/a
BERKSHIRE GLOBAL SERVICES;

DENNIS HUNSAKER; DIGITAL MATRIX
INTERNIONAL, INC.;

CARMINE MAIETTA;
ELIZABETH MAIETTA;

DAVID ANTHONY; and
 SIXEVOLUTION GMBH,

           Defendants.
───────────────────────────────────────────X

**AZRACK, United States District Judge:**

      On November 19, 2018, this Court issued an *ex parte* Temporary Restraining Order and Order To Show Cause (the "TRO") upon a finding that (1) there was probable cause to believe that Dennis Hunsaker; Digital Matrix International, Inc.; David Anthony; and SixEvolution GmbH

1

(collectively, "Defendants") were violating and were about to violate 18 U.S.C. §§ 1341 and 1349, and that (2) the statutory conditions for granting injunctive relief under 18 U.S.C. § 1345 had therefore been met. (ECF No. 21.) The TRO was amended and extended on November 29, 2018. (ECF No. 31.)

The TRO, which, among other things, temporarily restrained Defendants from engaging in certain activities, also ordered Defendants to show cause on December 14, 2018, why the preliminary injunction requested by the United States should not be granted. (ECF Nos. 21, 31.) Defendants were granted until Monday December 10, 2018 to submit opposition papers. No parties submitted opposition papers. The United States appeared before the Court on December 14, 2018 and no parties appeared to oppose the motion. Accordingly, the Court makes the following findings of facts and conclusion of law based on the papers submitted.

The United States served defendants Dennis Hunsaker ("Hunsaker") and Digital Matrix International, Inc. ("DMI") via overnight mail on November 20, 2019, and personally on November 30, 2018. (See ECF No. 37.) In addition, the United States served a copy of the Court's November 29, 2018 Order rescheduling the show cause hearing by overnight delivery on November 29, 2019. (Id.)

By letter dated December 12, 2018, two days after the deadline to submit opposition papers, Hunsaker requested to postpone the show cause hearing as to himself and DMI until late January to allow him to (a) review the case more thoroughly and (b) secure an attorney. (ECF No. 38.) However, the Court finds that Hunsaker and DMI had ample notice of the government's motion and thus could have secured counsel or requested an extension prior to the deadline to oppose the government's motion. Moreover, as Hunsaker and DMI have not expressly agreed to a continuation of the TRO, but the facts underlying the Court's decision to grant the TRO remain

persuasive, the Court will not grant the request to postpone the hearing and allow the injunctive relief to lapse.  See Fed. R. Civ. P. 65(b)(2).

The Court has already found that there is probable cause to believe that Defendants are violating and would continue to violate 18 U.S.C. §§ 1341 and 1349.  (See ECF No. 21.) Accordingly, the statutory conditions for granting a preliminary injunction under 18 U.S.C. § 1345 are therefore met.

In light of the above, the Court hereby converts the TRO as to defendants Hunsaker and DMI to a Preliminary Injunction, without prejudice to these defendants raising objections and opposing the Preliminary Injunction at a later date.[1]

With respect to defendants David Anthony ("Anthony") and SixEvolution GmbH ("SixEvolution") who are located in Germany, the United States has made diligent efforts to serve them through The Hague Convention, but have not yet effectuated formal service.  (ECF No. 37.) The United States has provided defendants Anthony and SixEvolution with informal notice of this suit, pursuant to the Court's Order dated November 29, 2018, but have since informed the Court that further attempts to provide these defendants with informal notice may be viewed as an affront to German sovereignty and thus inadvisable for diplomatic reasons.  (Id.)

Given that defendants Anthony and SixEvolution have not yet been formally served and proper service through the Hague Convention may still take some time, the original TRO as against defendants Anthony and SixEvolution is hereby VACATED.  Instead, the Court grants a Temporary Restraining Order against defendants Anthony and SixEvolution effective on the date service is effectuated and running for fourteen days from that date to permit said defendants an opportunity to be heard on the preliminary injunction motion.

---

[1]    DMI, as a corporate entity, cannot represent itself in Federal Court and must obtain an attorney to oppose the Preliminary Injunction.

Accordingly, it is hereby ORDERED that defendant Hunsaker and DMI's motion to adjourn the conference (ECF No. 38.) is DENIED.

It is FURTHER ORDERD as follows:

A. Defendants, their agents, officers and employees, and all other persons and entities in active concert or participation with them, are temporarily restrained from:

   i. committing mail fraud, as defined by 18 U.S.C. § 1341 or 18 U.S.C. § 1349;

   ii. using the United States mail, or causing others to use the United States mail, to distribute any advertisements, solicitations, or promotional materials, or to send or receive payments in response to any advertisements, solicitations, or promotional materials:

   a) that represent, directly or indirectly, expressly or impliedly that the recipient has won, will win, is eligible to win, or will receive cash, awards, or prizes;

   b) that represent, directly or indirectly, expressly or impliedly that the recipient will receive delivery of cash, awards, or other valuable prizes in return for payment of a fee;

   c) that offer for sale information regarding sweepstakes or lotteries;

   d) that represent, directly or indirectly, expressly or impliedly, that the recipient of the solicitation was specifically selected to receive the mailing based on a reason other than the fact that the recipient's name appears on a mailing list;

   e) that purport to be sent from fictional companies, departments, organizations, or individuals;

   f) that conceal the names of the actual companies, organizations or businesses

sending the solicitation; or

g) that contain any other false or misleading representations;

iii. using the United States mail to receive, handle, open, or forward any mail that responds, by sending payment or otherwise, to materials described in Paragraph (A)(ii)(a)-(g), supra;

iv. selling, offering for sale, leasing, or offering for lease any lists or mailing lists of any type compiled from individuals who have responded via the United States mail to any of the materials described in Paragraph (A)(ii)(a)-(g), supra;

v. performing "caging services" on mail received via the United States mail in response to any of the materials described in Paragraph (A)(ii)(a)-(g), supra, including opening mail received from recipients of the materials described in Paragraph (A)(ii)(a)-(g); entering or inputting data about recipients of the materials described in Paragraph (A)(ii)(a)-(g) into a database or forwarding such data; handling, forwarding, or depositing payments received from recipients of the materials described in Paragraph (A)(ii)(a)-(g), including currency, bank checks, certified checks, money orders, or credit card charge authorizations; or handling or forwarding any mail received from recipients of the materials described in Paragraph (A)(ii)(a)-(g);

vi. performing or engaging in payment processing services on mail and payments received in response to the materials described in Paragraph (A)(ii)(a)-(g), supra, including handling, forwarding, or depositing payments received from those responding to any of the materials described

in Paragraph (A)(ii)(a)-(g), including currency, bank checks, certified checks, money orders, or credit card charge authorizations;

 vii. destroying, deleting, removing, or transferring any and all business, financial, accounting, and other records concerning Defendants' operations and the operations of any other corporate entity owned or controlled, in whole or in part, by Defendants.

B. Within five (5) business days after this Order becomes effective, Defendants shall provide copies of this Order to all direct mailers, data managers, list brokers, printer/distributors, mailing houses, caging services, and payment processors with which they do business regarding the materials described in Paragraph (A)(ii)(a)-(g), <u>supra</u>, informing them that they are subject to the injunctive relief outlined herein as an entity in active concert or participation with Defendants, and within seven (7) days after Order becomes effective, Defendants shall provide proof of such notice to the Court and the United States, including the name and addresses of the entities and/or individuals to whom the notice was sent, how the notice was sent, and when the notice was sent.

C. The United States Postal Service is authorized to detain:

 i. Any mail matter containing or consisting of envelopes sent in response to any of the materials described in Paragraph (A)(ii)(a)-(g), <u>supra</u>, that is directed to any address within the United States;

 ii. any of the materials described in Paragraph (A)(ii)(a)-(g), <u>supra</u>, and any substantially similar advertisements, solicitations, and promotional materials that are deposited into the United States mail by Defendants, their

agents, officers, or employees, or any other persons or entities in active concert or participation with them.

It is FURTHER ORDERED that the foregoing restrictions are issued pursuant to a Preliminary Injunction as to defendants Hunsaker and DMI and the Temporary Restraining Order entered on November 19, 2018, as to defendants Hunsaker and DMI is superseded by this Preliminary Injunction and is hereby vacated and dissolved. This Preliminary Injunction becomes effective upon defendants Hunsaker and DMI upon service via overnight mail or personal service and shall continue until a final judgment or order is issued in this matter, unless otherwise modified in writing by the Court. Upon retention of counsel, defendants Hunsaker and DMI may raise objections and oppose this Preliminary Injunction at a later date.

It is FURTHER ORDERED that the Temporary Restraining Order entered on November 19, 2018, as to defendants Anthony and SixEvolution, is hereby vacated and dissolved. The foregoing restrictions on defendants Anthony and SixEvolution are issued pursuant to a Temporary Restraining Order that becomes effective upon formal service of the Summons, Complaint, and TRO and remains in effect for fourteen days. Defendants Anthony and SixEvolution are directed to show cause, in writing, within ten days of service why the preliminary injunction requested by the United States should not be granted. The United States is directed to inform the Court when service has been effectuated and to file a proposed schedule for briefing and a preliminary injunction hearing.

**SO ORDERED.**

Dated: December 17, 2018
Central Islip, New York

_____/s/ (JMA)_____
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE