UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
CLERK
10/21/2019 2:08 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>          v.<br><br>CHARLES KAFEITI; INTERNATIONAL SWEEPS REVENUE SERVICES, INC.; GOLDEN RESPONSE WORLDWIDE, INC. a/k/a INTERNATIONAL REVENUE BUREAU, NATIONAL AWARDS COMMISSION;<br><br>ANTHONY KAFEITI; FAIRMONT WEALTH RESOURCES, INC. a/k/a ROCKWELL ASSET PROCESSING;<br><br>STEVEN DIAZ; SK INTERNATIONAL SYNDICATE, INC. a/k/a PERSHING GROUP, BILTMORE PARTNERS;<br><br>DREW WILSON; BC0875430 a/k/a BERKSHIRE GLOBAL SERVICES;<br><br>DENNIS HUNSAKER;<br>DIGITAL MATRIX INTERNATIONAL, INC.;<br><br>CARMINE MAIETTA;<br><br>ELIZABETH MAIETTA;<br><br>DAVID ANTHONY; and<br>SIXEVOLUTION GMBH,<br><br>                    Defendants | Civil Action No.<br>18-CV-6581<br><br>(Azrack, J.)<br><br>(Shields, M.J.)<br><br>**DEFAULT JUDGMENT AND PERMANENT INJUNCTION ORDER** |

On November 19, 2018, the United States of America, by its attorney, Richard P. Donoghue, United States Attorney for the Eastern District of New York, and John Vagelatos and Seth Eichenholtz, Assistant United States Attorneys, and Jacqueline Blaesi-Freed, Trial Attorney for the Department of Justice, having commenced this action against *inter alia* Dennis Hunsaker

and Digital Matrix International, Inc. (collectively, the "Defaulting Defendants"), by the filing of a complaint and the issuance of summonses;

This action being brought pursuant to 18 U.S.C. § 1345, alleging *inter alia* that the Defaulting Defendants were engaging in mail fraud by facilitating the sending of false and misleading mail solicitations styled as individual notices that the recipient has won large sums of money in a lottery or sweepstakes, and falsely informing recipients that they would receive delivery of the money in return for payment of a small delivery or processing fee;

The United States seeking *inter alia* permanent injunctive relief enjoining the Defaulting Defendants from sending deceptive mailings;

A copy of the complaint, temporary restraining order and order to show cause, declaration of Terrence Sullivan, certification pursuant to Fed. R. Civ. P. 65(b)(1)(B), and memorandum of law in support of the United States' motion for injunction relief having been served on Dennis Hunsaker and Digital Matrix International, Inc. via overnight mail on November 21, 2018, and via personal service on November 30, 2018 and December 3, 2018, respectively; and proof of service having been filed with the Office of the Clerk of the Court;

The Defaulting Defendants having failed to answer;

The Clerk of the Court having entered the Certificate of Default on June, 28, 2019; and

Upon the pleadings, papers, and proceedings herein to date;

NOW, on motion of the United States of America, it is hereby

ORDERED AND ADJUDGED that judgment by default be entered against the Defaulting Defendants in favor of the United States pursuant to Federal Rule of Civil Procedure 55, as follows:

# DEFINITIONS

A. For the purposes of this Default Judgment and Order, the following definitions apply:

   i. "Covered Materials" refers to any:

   a) letters, advertisements, solicitations, or promotional materials that contain any of the following content or characteristics:

   1. any representation, direct or indirect, express or implied, that the recipient has won, will win, is eligible to win, could win, or will receive any cash, award, prize, or inheritance;

   2. any offer of information regarding sweepstakes or lotteries;

   3. any representation, direct or indirect, express or implied, that for payment of a fee the payor will receive delivery of an item or one of a number of items, when in reality the payor will receive nothing or will receive delivery of a different item, irrespective of whether the letters, advertisements, solicitations, or promotional materials contain a disclaimer or statement that the recipient will or may receive delivery of a different item;

   4. any representation, direct or indirect, express or implied, that the recipient of the solicitation was specifically selected to receive the mailing based on a reason other than the fact that the recipient's name appears on a mailing list;

   5. any representation, direct or indirect, express or implied, that the communication is sent by a company, department, organization, or

3

individual that (i) does not exist; (ii) is not registered with a governmental entity as a trade name; or (iii) is not registered with a governmental entity as a "doing business as" name;

6. any concealment or failure to reveal the names of the actual or registered companies, organizations, businesses, or individuals sending the solicitation; or

7. any other materially false or misleading representations; or

b) envelopes, correspondence, payments, or other materials sent in response to any letter, advertisement, solicitation, or promotional material described in Section A.i.a. *supra*.

ii. "Lead Lists" refers to any compilation of personal information—such as names, addresses, telephone numbers, email addresses, or other identifying information—from individuals who have received or will receive any Covered Materials.

iii. "Caging services" refers to opening mail; entering or inputting data about individuals responding to such mail into a database or forwarding such data; handling, forwarding, or depositing payments (including but not limited to currency, bank checks, certified checks, money orders, or credit card charge authorizations) from responders; or handling or forwarding any mail received from responders.

iv. "Data" refers to identifying, or potentially identifying, information about individuals, such as names, addresses, telephone numbers, or email addresses.

v. "Data services" refers to entering or inputting data into a database; facilitating the entering or inputting of data into a database; operating or maintaining a database

4

that receives, collects, provides access to, or forwards data; or receiving, handling, processing, or optimizing data.

vi. "Payment processing services" means handling, forwarding, transmitting, or depositing payments, including but not limited to currency, bank checks, certified checks, money orders, or credit card authorizations.

vii. "Address" includes any post office box, private or commercial mailbox, or any other address at which mail, mail matter, and packages are received.

viii. "Address used by the Defaulting Defendants" refers to any address rented, leased, owned, or controlled (1) by the Defaulting Defendants, (2) on behalf of the Defaulting Defendants, or (3) by a third party where the Defaulting Defendants receive or has received mail, mail matter, or payments therefrom.

## **PROHIBITED ACTIVITIES**

B. The Defaulting Defendants, their agents, officers, employees, and successors, and all other persons and entities in active concert or participation with them, are permanently enjoined from:

i. opening or maintaining any address for the purposes of receiving Covered Materials;

ii. distributing, mailing, or receiving any Covered Materials;

iii. handling or processing any Covered Materials;

iv. disclosing, using, benefiting from, trading, selling, offering for sale, leasing, or offering for lease any Lead Lists;

v. performing or engaging in caging services on any Covered Materials;

vi. performing or engaging in data services on data acquired from Covered Materials

5

    or data that will be used to mail Covered Materials;

 vii. providing or mailing fulfillment items or services related to Covered Materials;

 viii. performing or engaging in payment processing services on mail or payments contained in or received in response to any Covered Materials; or

 ix. acting as a consultant, by providing, whether compensated or uncompensated, any advice, guidance, education, instruction, or services, for any person engaged in any of the conduct described in Paragraph B.i.- viii., *supra*.

 x. destroying, deleting, removing, or transferring any and all business, financial, accounting, and other records concerning Defaulting Defendants' operations and the operations of any other corporate entity owned or controlled, in whole or in part, by any Defaulting Defendant, except as permitted by Paragraph D of this Order.

## **COMPLIANCE MONITORING**

C. For a period of five (5) years after the date of entry of this Default Judgment and Order, Defaulting Defendants must create and maintain a compliance file for each mailing campaign that uses any of a Defaulting Defendant's data services. Prior to performing any data services for any mailing campaign, the Defaulting Defendant must obtain, review, and place in the compliance file a copy of the mailing to be sent as part of the campaign. The mailing piece must be signed and dated by an executive officer of Defaulting Defendant DMI, who shall receive a copy of this Default Order prior to performing the role outlined in this paragraph, or by Defaulting Defendant Hunsaker. The Defaulting Defendant must also direct that for each mailing campaign for which a Defaulting Defendant provides data services, the Defaulting Defendant receive a copy of each mailing in the same manner and means as the mailing campaign's recipients. The mailing

must be reviewed by an executive officer of Defaulting Defendant DMI, who shall receive a copy of this Default Order prior to performing the role outlined in this paragraph, or by Defaulting Defendant Hunsaker. Defaulting Defendant Hunsaker or the executive officer must sign and date the mailing piece and place it in the compliance file. The compliance file must be maintained and stored in the Defaulting Defendant's principal place of business for the five (5)-year period.

## **RETENTION OF CUSTOMER LISTS AND COVERED MATERIALS**

D. Within fourteen (14) days of entry of this Default Judgment and Order, the Defaulting Defendants shall provide to counsel of record for the United States in this matter all copies of (1) any Lead Lists, and (2) any Covered Materials that are currently in their possession, custody, or control. The Defaulting Defendants shall not retain in their possession or control any copies of such Lead Lists or Covered Materials. The Defaulting Defendants shall certify that they no longer have Covered Materials or Lead Lists in their possession or control, other than such copies in the possession of the Defaulting Defendants' legal counsel to be utilized in connection with the defense of a potential governmental enforcement action.

E. Within fourteen (14) days of entry of this Default Judgment and Order, the Defaulting Defendants shall direct any third parties that have custody of the Defaulting Defendants' Lead Lists and Covered Materials to provide all copies of such materials to counsel of record for the United States in this matter and not to retain any copies of such materials in the third party's possession, custody, or control, provided however that these third parties may also provide a copy of such Lead Lists and Covered Materials to their own counsel.

F. Within fourteen (14) days of entry of this Default Judgment and Order, the Defaulting Defendants shall disclose to the United States any addresses, whether foreign or domestic, used by the Defaulting Defendants that receives or has received Covered Materials.

The disclosure shall also include the date any address used by the Defaulting Defendants was rented, leased, owned, or controlled by, or on behalf of, the Defaulting Defendants or a third party and the date the ownership, lease, rental agreement, or control was terminated.

G. The Defaulting Defendants shall provide the written notices and disclosures required by Paragraphs D, E, and F, *supra*, to the counsel of record for the United States via a certification in the form attached here as Exhibit A, sworn under penalty of perjury before a local notary.

H. Within twenty-one (21) days after the entry of this Default Judgment and Order, the Defaulting Defendants shall provide copies of this Default Judgment and Order to all direct mailers, list brokers, data managers, printer/distributors, mailing houses, caging services, payment processors, commercial mail receiving agencies, couriers, and mail shippers with whom they have done business since November 19, 2017 regarding any Covered Materials. The Defaulting Defendants shall inform these individuals and/or entities that they are subject to this Default Judgment and Order as an entity in active concert or participation with the Defaulting Defendants. Within twenty-eight (28) days after entry of this Default Judgment and Order, the Defaulting Defendants shall provide proof of such notice to the Court and the United States. The proof of notice shall include (1) the name and addresses of the entities and/or individuals to whom the notice was sent, (2) how the notice was sent, (3) when the notice was sent, and (4) a true and correct copy of the communication informing these individuals/entities that they are subject to this Default Judgment and Order as an entity in active concert or participation with the Defaulting Defendants and any other communication accompanying the transmission.

**AUTHORIZATION TO DETAIN AND OPEN MAIL**

I. The United States Postal Service and United States Customs and Border Control are authorized to detain:

  i. all mail, mail matter, or packages that contain or consist of Covered Materials addressed to any address used by the Defaulting Defendant, their agents, officers, or employees, or any other persons or entities in active concert or participation with them;

  ii. all mail, mail matter, or packages that contain or consist of Covered Materials that the Defaulting Defendants, their agents, officers or employees, or any other persons or entities in active concert or participation with them introduced into U.S. interstate or foreign commerce; and

  iii. all mail, mail matter, or packages that contain or consist of Covered Materials for which the Defaulting Defendants have performed, or intend to perform, any activity prohibited by Paragraph B.i-ix.

J. The United States Postal Inspection Service is authorized to open any and all mail, mail matter, or packages detained by the United States Postal Inspection Service and United States Customs and Border Control pursuant to any order of this Court in this matter. The United States Postal Inspection Service shall return any currency, bearer instruments (including but not limited to money orders and travelers checks), and any personal effects that can be positively identified with its sender contained in any mail opened pursuant to this Paragraph. This return shall include a letter from the United States Postal Inspection Service notifying the sender of the disposition of this matter. The United States Postal Inspection Service is authorized to destroy any and all

remaining detained mail (including but not limited to envelopes, order forms, correspondence, personal checks, and payment card information (PCI)).

### DEFAULT JUDGMENT AND ORDER ACKNOWLEDGEMENT

K. Within seven (7) days after entry of this Default Judgment and Order, the Defaulting Defendants are ordered to submit to the United States a written acknowledgment of this Default Judgment and Order sworn under penalty of perjury.

### PROCEDURE FOR SUBMISSIONS TO THE UNITED STATES

L. Unless otherwise directed by a representative of the Consumer Protection Branch, Civil Division, Department of Justice, in writing, all submissions to the United States must be sent via overnight delivery with signatures required upon recipient to the following address: Director, Consumer Protection Branch, United States Department of Justice, 450 Fifth Street, NW, Suite 6400 South, Washington, D.C. 20001. The submission must include a cover letter with a subject line of "*United States v. Kafeiti et. al,* 18-CV-6581 (E.D.N.Y.)."

### RETENTION OF JURISDICTION

M. This Court retains jurisdiction over this matter for construction, modification, or enforcement of this Default Judgment and Order and for the purpose of granting such additional relief as may be necessary and appropriate.

SO ORDERED THIS 21st day of October, 2019

/s/ (JMA)
_____
HONORABLE JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE

# Exhibit A

# Certification

I, _____, hereby declare as follows:

Pursuant to Paragraph G of the Default Judgment and Permanent Injunction Order Pursuant to Fed. R. Civ. P. 55 on October 11, 2019 (the "Default Judgment and Order") in *United States v. Kafeiti, et al.*, Civ. No. 18-6581 (JMA)(AYS) (E.D.N.Y.),

I certify as follows (check all that apply):

\_\_\_\_\_ **No Lists or Covered Materials in Possession or Control.** As of the date of the Default Judgment and Order, I did not have in my possession or control any Covered Materials, as defined in the Default Judgment and Order, or any mailing lists of any type compiled from recipients who have responded to any Covered Materials.

\_\_\_\_\_ **Lists Provided to Legal Counsel.** Pursuant to the Default Judgment, I have provided to my legal counsel all Covered Materials and all lists of any type compiled from recipients who have responded to any Covered Materials.

\_\_\_\_\_ **Requests to Third Parties.** On the dates and in the manner listed below, I instructed the individuals identified below to provide to my legal counsel all Covered Materials and all lists of any type compiled from recipients who have responded to any Covered Materials, to the extent such individual has or had any such lists in his or her possession, and not to retain copies of any such materials or lists. I indicate below whether the individual, as of the date of this certification, has confirmed that he or she has complied with this directive and the date of such confirmation.

| **Name of Third Party** (name of corporate entity, if applicable, and address) | **Communication of Instruction** | **Response** |
|---|---|---|
| Name of entity/individual contacted:<br><br>Address: | Date:<br><br>Manner (e.g., phone, mail, email): | ☐ Confirmed lists and Covered Materials provided to legal counsel for _____<br><br>Name of individual responding:<br><br>Date of confirmation:<br><br>Manner communicated (e.g., phone, mail, email):<br><br>or<br><br>☐ No response received within five business days |

| Name of entity/individual contacted:<br><br>Address: | Date:<br><br>Manner (e.g., phone, mail, email): | ☐ Confirmed lists and Covered Materials provided to legal counsel for _____<br><br>Name of individual responding:<br><br>Date of confirmation:<br><br>Manner communicated (e.g., phone email):<br><br>or<br><br>☐ No response received within five business days |
|---|---|---|

(Attach additional sheets if necessary)

Pursuant to Paragraph G of the Consent Decree and Final Judgment, I certify as follows (check all that apply):

\_\_\_\_\_ **No Foreign or Domestic Post Office Boxes, Private or Commercial Mail Boxes, or other Addresses to Disclose.** I have never rented, leased, owned, controlled, or had another individual or entity rent, lease, own, or control on my behalf any foreign or domestic post office box, private or commercial mail box, or address in order to receive responses to Covered Materials.

\_\_\_\_\_ **Foreign or Domestic Post Office Boxes, Private or Commercial Mail Boxes, or other Addresses.** As indicated below, I have rented, leased, owned, controlled, or had another individual or entity rent, own, lease, or control on my behalf the following foreign or domestic post office boxes, private mail boxes, or addresses in order to receive responses to Covered Materials.

| Post Office Box, Private or Commercial Mail Box, or Address | Individual or Entity That Rented, Leased, Owned or Controlled Box or Address | Individual or Entity on Whose Behalf the Box or Address Was Held | Time Period Box or Address Was in Use |
|---|---|---|---|
| Address of post office box, private or commercial mail box, or address | Name of entity/individual:<br><br>Address: | Name of entity/individual :<br><br>Address: | Month and year box or address was opened and closed |

| Address of post office box, private or commercial mail box, or address | Name of entity/individual:<br><br>Address: | Name of entity/individual :<br><br>Address: | Month and year box or address was opened and closed |
|---|---|---|---|
| | | | |

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated _____, and executed at _____.

_____
Signature

_____
Typed or Printed Name and Title

On the _____ day of _____ in the year 2019, before me, the undersigned notary public, personally appeared _____, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her capacity, and that by his/her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public