UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X   For Online Publication Only
UNITED STATES OF AMERICA,

                           The United States

**ORDER**

18-CV-6581 (JMA) (AYS)

-against-

CHARLES KAFEITI; INTERNATIONAL SWEEPS REVENUE SERVICES, INC.; GOLDEN RESPONSE WORLDWIDE, INC. a/k/a INTERNATIONAL REVENUE BUREAU, NATIONAL AWARDS COMMISSION;

ANTHONY KAFEITI; FAIRMONT WEALTH RESOURCES, INC. a/k/a ROCKWELL ASSET PROCESSING;

STEVEN DIAZ; SK INTERNATIONAL SYNDICATE, INC. a/k/a PERSHING GROUP, BILTMORE PARTNERS;

DREW WILSON; BC0875430 a/k/a BERKSHIRE GLOBAL SERVICES;

DENNIS HUNSAKER; DIGITAL MATRIX INTERNATIONAL, INC.;

CARMINE MAIETTA; ELIZABETH MAIETTA;

DAVID ANTHONY; and SIXEVOLUTION GMBH,

                    Defendants.
----------------------------------------------------------------------X

**FILED
CLERK**

10/21/2019 2:22 pm

**U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE**

**AZRACK, United States District Judge:**

      Before the Court is the United States' motion for default judgment and permanent injunction against defendants Dennis Hunsaker ("Hunsaker") and Digital Matric International ("DNI," collectively, the "Defaulting Defendants"). (ECF No. 91.) For the reasons stated herein, the motion is GRANTED.

# I. DISCUSSION

## A. <u>Defendants Hunsaker and DMI Defaulted</u>

The United States filed suit against the Defaulting Defendants, together with thirteen other defendants, on November 19, 2018, alleging that the defendants were participating in mass mail fraud schemes. (ECF No. 1.) The United States sought a temporary restraining order, and preliminary and permanent injunctive relief pursuant to 18 U.S.C. § 1345. The Court entered a temporary restraining order against all defendants on November 19, 2018, scheduling a preliminary injunction hearing for December 3, 2018, and directing all defendants to file any responses to the preliminary injunction motion by November 29, 2018. (ECF No. 21.)

The Defaulting Defendants were properly served with the Complaint, temporary restraining order, and supporting papers, but failed to respond to the November 19, 2018 temporary restraining order, or otherwise appear in the case. Accordingly, by Order dated November 29, 2018, the Court extended the temporary restraining order as to the Defaulting Defendants (among others) until December 17, 2018, ordered additional service on the Defaulting Defendants, rescheduled the preliminary injunction hearing for December 14, 2018, and directed the Defaulting Defendants to file any opposition to the preliminary injunction motion by December 10, 2018. (ECF No. 31.)

Several days after the second Court-ordered date to oppose the preliminary injunction motion, on December 13, 2018, the Court received a request from Hunsaker to adjourn the preliminary injunction conference, despite receiving ample notice of the United States' motion. (ECF No. 38.) The Court denied Hunsaker's request so as not to let the injunctive relief lapse, and when he did not appear on December 14, 2018, found that the "facts underlying the Court's decision to grant the TRO remain persuasive." Accordingly, the Court issued a preliminary

injunction "without prejudice to [the Defaulting Defendants] raising objections and opposing the Preliminary Injunction at a later date." (ECF No. 40.) To date, the Defaulting Defendants have not further communicated with the Court or contested the preliminary injunctive relief.

The Defaulting Defendants never secured counsel,[1] answered, appeared in this action, opposed the temporary restraining order or preliminary injunction, responded to the instant motion for default judgment, or otherwise defended this action. Accordingly, the Clerk of the Court issued a certificate of default on June 28, 2019. (ECF No. 90.)

**B. Liability**

When a defendant defaults, the Court is required to accept all the factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009). However, the Court also must determine whether the allegations in the complaint establish the defendant's liability as a matter of law. Id. Here, the United States' well-pleaded factual allegations are sufficient to establish the Defaulting Defendants' liability under 18 U.S.C. §§ 1341, 1345 and 1349.

**C. Permanent Injunction**

The United States now seeks a permanent injunction pursuant to 18 U.S.C. § 1345 preventing the Defaulting Defendants from engaging in the same activity enjoined by the temporary retraining order and preliminary injunction. "The Court may issue an injunction on a motion for default judgment upon a showing by the moving party that it is entitled to injunctive relief under the applicable statute, and that it meets the prerequisites for the issuance of an injunction." United States v. Thomas, No. 18-CV-1104, 2019 WL 121678, at *6 (E.D.N.Y. Jan. 7,

---

[1] In the Order granting the preliminary injunction, the Court informed DNI that as a corporation, it could not represent itself in Federal Court and would need to obtain an attorney to defend this action. (ECF No. 40.) And, while Hunsaker could proceed pro se, he at no time indicated his intent to represent himself in this action.

2019) (internal citations omitted). Considering the Defaulting Defendants' liability by virtue of their default, the United States' well-pleaded factual allegations, the evidence the United States submitted in support of their requests for injunctive relief, and the Court's previous findings in granting the temporary injunctive relief, the Court finds that permanent injunctive relief under 18 U.S.C. § 1345 is warranted.

## II.  CONCLUSION

For the reasons stated above, the United States' motion for default judgment and permanent injunction is GRANTED.  The Court will enter a Default Judgment and Permanent Injunction Order consistent herewith, at which time the Clerk of the Court is directed to close this case.

**SO ORDERED.**

Dated:  October 21, 2019
Central Islip, New York

/s/   (JMA)
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE